[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16639
Non-Argument Calendar

_____

Agency No. A97-627-317

MONZIKI MYAMAKOLO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 8, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is whether substantial evidence supports the

Board of Immigration Appeals ("BIA") affirmance of the decision of an Immigration Judge ("IJ") denying Petitioner's application for asylum and ordering her removal.[1]

Petitioner is a purported native and citizen of the Democratic Republic of Congo ("DROC"), formerly Zaire. She arrived in the United States on July 23, 2002, on a flight from Madrid, Spain to Atlanta, and presented a false French passport under the name Noelie Cathy Therese Mobengo. She was admitted under the Visa Waiver Program with permission to remain until October 22, 2002. She remained beyond the authorized date. On July 21, 2003, she filed an application for asylum, claiming that she feared persecution at the hands of her government on account of political opinion and membership in a particular social group.

In a statement appended to her application, Petitioner said that in 1997 soldiers loyal to Laurent Kabila had tortured and killed members of her extended family because of her deceased maternal grandfather's position as a general in the Zairean army under Mobutu. In 2002, these soldiers assassinated her father, and then came looking for her. She went into hiding, and a friend soon helped her leave the country.

---

[1] The IJ and the BIA also denied Petitioner withholding of removal and protection under the U.N. Convention Against Torture. In her brief to us, Petitioner does not challenge such denial. We therefore treat her as having abandoned the ruling. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

Petitioner's asylum application was referred to an IJ for a hearing in accordance with 8 C.F.R. § 208.2(c).[2] The hearing was held on July 27, 2005. The IJ had delayed the hearing – granting Petitioner several continuances – so she could clear up the problem concerning her identity, produce documents establishing her relationship with her maternal grandfather, and dispel the possibility that she had a safe haven in Madrid due to the length of her stay there after leaving DROC.

Petitioner was represented by an attorney at the asylum hearing. At the outset, she admitted that she was not a native or citizen of France. When asked who "Cathy Mobengo" (the name on the passport) was, Petitioner said that it was the name she used to get out of DROC. She went on to say that she flew from DROC to Madrid on July 21, 2002, had a three-four hour layover there, and arrived in the United States on July 23. She obtained her passport and travel documents in DROC – from a person with contacts in Spain, who helped pay for her ticket from DROC to the United States. She was unable to tell the IJ what airline(s) she used to get here, and could not explain why her passport bore no stamps showing her exit from DROC or arrival in Spain.

Petitioner testified (in conformance with the statement she annexed to her

---

[2] This section provided the procedures for asylum applicants who had been admitted to the United States pursuant to the Visa Waiver Program and had remained longer than authorized.

asylum application) that she was seeking asylum based on political opinion and membership in a particular social group – all due to her grandfather and father's political activity. Though she was not involved in politics, she feared returning to DROC, where no members of her family remained, because of her relationship to her father and grandfather. In essence, she reiterated the substance of what she had represented in applying for asylum.

In denying Petitioner asylum, the IJ accepted her representation that she was from DROC, but that she had failed to establish her identity. And he found that her testimony lacked credibility. Most telling were the facts that her airline ticket was not purchased in DROC – it was purchased in Madrid, with no indication of a departure from DROC – and that her passport bore no stamps showing her departure from DROC or arrival in Madrid, although it bore some dates of unrelated departures from DROC. This indicated to the IJ that Petitioner may have established a safe haven in Spain. In sum, the IJ refused to accept Petitioner's explanation of how she left DROC, the timing of her departure, the route she used to get to the United States, and the absence of the required stamps on her passport.

Petitioner appealed the IJ's decision to the BIA. On November 27, 2006, the BIA affirmed, stating that the IJ's adverse credibility finding was not clearly erroneous – that it was supported by the inconsistencies regarding Petitioner's identity, her departure from DROC, and her arrival in the United States. Given her

4

lack of credibility, she failed to establish eligibility for asylum.

Petitioner now contends that the rejection of her credibility – and thus the rejection of her asylum application – is not supported by substantial evidence.

Because the BIA expressly adopted the IJ's decision, we review the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the IJ's decision turns on a question of law, our review is de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). Findings of fact are reviewed under the substantial evidence test; we take "the record in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).

An alien who arrives in or is present in the United States may apply for asylum. Immigration and Nationality Act ("INA") § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political

5

opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. The asylum applicant must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. D-Muhumed, 388 F.3d at 818. The asylum applicant does not need to show that she will be singled out for persecution, however, if she establishes a "pattern or practice" in her country of "persecution of a group of persons similarly situated" and a reasonable fear of persecution on account of a protected ground based on her inclusion in that group. 8 C.F.R. § 208.13(b)(2)(iii). An asylum applicant may not show merely that she has a political opinion, or an imputed political opinion, but must show that she was persecuted because of that opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992).

We review the IJ's credibility findings under the substantial evidence test and will not substitute our judgment for those findings. D-Muhumed, 388 F.3d at

6

818.

> [T]he IJ must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence.

Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citations and quotations omitted).

"Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). If credible, an alien's testimony may be sufficient, without corroboration, to sustain her burden of proof in establishing her eligibility for asylum. Forgue, 401 F.3d at 1287. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." However, if an applicant produces evidence other than her testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination." Id.

The IJ gave specific, cogent reasons for finding that Petitioner's testimony was not credible. His finding is supported by the inconsistencies in Petitioner's documentary evidence and her asylum application, when laid along side her testimony at the asylum hearing. Because the IJ found her not credible, she needed

7

to present other evidence to establish her identity and her travel route from DROC to the United States. She failed to do so.

PETITION DENIED.